1  **LAQUER URBAN CLIFFORD & HODGE LLP**
2  Susan Graham Lovelace, State Bar No. 160913
        Email: Lovelace@luch.com
3  Andrew Q. Thompson, State Bar No. 340286
        Email: AThompson@luch.com
4  200 South Los Robles Avenue, Suite 500
   Pasadena, CA  91101-2432
5  Telephone:  (626) 449-1882/ Fax:  (626) 449-1958

6  Counsel for Plaintiff, Trustees of the Southern California
7  IBEW-NECA Pension Plan

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  TRUSTEES OF THE SOUTHERN              CASE NO.:  5:22-cv-637
    CALIFORNIA IBEW-NECA PENSION
12  PLAN,
                                         **COMPLAINT FOR:**
13             Plaintiff,

14                                       1.  **BREACH OF WRITTEN**
15       v.                                  **COLLECTIVE BARGAINING**
                                             **AGREEMENT AND**
16  TURBINE REPAIR SERVICES, LLC, a          **RELATED TRUST**
17  California limited liability company,     **AGREEMENT; and**

18             Defendant.                 2.  **VIOLATION OF §515 of**
19                                            **ERISA.**

20

21  Plaintiff complains and alleges as follows:

22                    **JURISDICTION AND VENUE**

23       1.    This Court has jurisdiction of this case pursuant to § 502(e)(1) of the

24  Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29

25  U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over

26  civil actions brought by a fiduciary pursuant to § 502(a)(3) of ERISA [29 U.S.C. §

27  1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee

28  benefit plan governed by ERISA.   Such jurisdiction exists without respect to the

1623259

amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA [29 U.S.C. § 1132(f)].

2.     This Court also has jurisdiction of this case pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.     Venue is proper in this Court pursuant to § 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and § 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiff Trust Fund is administered, in which the relevant acts took place, and in which moneys are due and payable.

4.     To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## **PARTIES**

5.     Plaintiff, Trustees of the Southern California IBEW-NECA Pension Plan ("Trustees"), is the Trustees of an express trust (the "Trust") created pursuant to a written Declaration of Trust ("Trust Agreement"). The Trust Agreement is between various local unions of the International Brotherhood of Electrical Workers ("IBEW"), including Local Union 440 ("Local 440"), and various chapters, including the Southern Sierras Chapter, of the National Electrical Contractors Association ("NECA"), an employer association in the electrical industry in Southern California. The Trust is now, and was at all times material to this action, a Labor-Management multiemployer trust created and maintained pursuant to § 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. Plaintiff, as the Trustees of the express trust, are "*fiduciar[ies]*" with respect to the Trust as defined in § 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. The Trust is administered by the Trustees of the Trust in Los Angeles County.

6.     Trustees are informed and believe, and thereon allege, that at all times material herein, defendant Turbine Repair Services, LLC ("Employer"), has been a California limited liability company with its principal place of business in Ontario, California.

## BARGAINING AGREEMENTS AND STATUS OF PARTIES

7.     Trustees are informed and believe, and thereon allege, that on or about October 30, 2019, Employer executed a letter of assent wherein it agreed to be bound to a collective bargaining agreement known as the Inside Wiremen's Agreement ("Master Agreement") entered into by the Southern Sierras Chapter of NECA and Local 440.

8.     Trustees are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreement is incorporated by reference into the Master Agreement, and/or that Employer is otherwise bound to the terms and provisions of the Trust Agreement.

9.     At all times material herein, Employer has been obligated to the terms and provisions of the Master Agreement and Trust Agreement.

10.     Trustees are informed and believe, and thereon allege, that Employer is an "employer" as that term is defined in the Master Agreement and/or related Trust Agreement.  Trustees are informed and believe, and thereon allege, that Employer is an "employer" as defined and used in Section 3(5) of ERISA [29 U.S.C. § 1002(5)], and, therefore, Employer is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA [29 U.S.C. § 1145].  Trustees are informed and believe, and thereon allege, that Employer is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1) and 142(3)], and within the meaning and use of Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

///

**FIRST CLAIM FOR RELIEF**

**<u>(BREACH OF WRITTEN COLLECTIVE BARGAINING</u>**

**<u>AGREEMENTS AND RELATED TRUST AGREEMENT</u>)**

11.   Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 10, above.

12.   Trustees are informed and believe, and thereon allege, that by the terms and provisions of the Master Agreement and/or related Trust Agreement, and at all times material herein, Employer agreed, and is and was obligated, to:

12.1.   Prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Trustees on or before a date certain of the calendar month following the month in which the contributions and other amounts accrued showing: i) the identities of employees performing work covered by the Master Agreement and/or the Trust Agreement, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees.

12.2.   Pay to Trustees fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees.  These amounts are considered delinquent if not received by Trustees by the fifteenth of the month succeeding the month in which the work was performed.  These amounts are due and payable at Trustees' administrative offices in Pasadena, California.

12.3.   Permit Trustees and its agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to Trustees pursuant to the Master Agreement and/or the related Trust Agreement.

///

1623259

13.     The Trustees are informed and believe, and thereon allege, that Employer has breached the Master Agreement and/or the related Trust Agreement by failing to pay fringe benefit contributions owed to the Trustees relating to work performed during the months of January 2022 through February 2022.  Employer owes fringe benefit contributions of at least $16,781.97 to the Trustees based on Employer's Monthly Reports related to this time period.  (This amount is for defined benefit pension contributions due to the Trustees of the Southern California IBEW-NECA Pension Plan only, and not any amounts that may be due to other trust funds or entities under the Master Agreement. This lawsuit does not include any claims for any amounts that may be due to any trust fund or entity other than the Trustees of the Southern California IBEW-NECA Pension Plan under the Master Agreement.)  The precise amount of the unpaid contributions will be established by proof at the trial herein.

14.     The Trustees are informed and believe, and thereon allege, that on an ongoing basis, Employer will and has continued to fail to pay to Trustees the required fringe benefit contributions and other amounts owed.  The amount of the additional unpaid contributions and other amounts owed will be established by proof at the trial herein.

15.     As of the date of filing this Complaint, Employer is "delinquent," as that term is used in the Master Agreement and/or related Trust Agreement.

16.     Pursuant to the Master Agreement, related Trust Agreement and/or § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], Employer is obligated to pay to Trustees liquidated damages for the detriment caused by the failure of Employer to pay or to pay in a timely manner fringe benefit contributions owed to Trustees.  Trustees are informed and believe, and thereon allege, that there is due and payable from Employer to Trustees liquidated damages in an amount that will be established by proof at the trial herein with regard to unpaid or late paid Monthly Reports related to work performed from November 2021 to the present.

17.    Pursuant to the Master Agreement, related Trust Agreement and/or § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], Employer owes Trustees interest on all unpaid or late paid fringe benefit contributions and related amounts from the dates the sums were originally due to Trustees to the date paid, or the date of judgment and post-judgment. The precise amount of interest owed with regard to unpaid or late paid Monthly Reports related to work performed from November 2021 to the present will be established by proof at the trial herein.

18.    By the Master Agreement, related Trust Agreement and/or § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], Employer is obligated to pay all legal and auditing costs, if any, in connection with any delinquency, whether incurred before or after litigation is or was commenced.

19.    It has been necessary for Trustees to engage legal counsel and incur costs for the purpose of collecting said contributions and other amounts, and Trustees are entitled to their reasonable attorneys' fees in connection therewith. Trustees may also incur audit costs in connection with Employer's delinquency. The exact amount of the legal fees and costs due and payable, and audit costs that may be incurred, have not been ascertained at this time. These amounts shall be established by proof at trial.

20.    Pursuant to § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Trustees' judgment, Trustees request the Court to:

20.1. Order Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreement, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to Trustees;

20.2. Order Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Trustees, in an amount determined by the Court to be appropriate;

COMPLAINT

1623259

20.3. Order the creation of a constructive trust for the full amount determined to be due Trustees on all applicable property of Employer, and order the transfer of the applicable property to Trustees; and

20.4. Order Employer, its representatives, agents and associates, to pay to Trustees all amounts due Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

21. Plaintiff is also seeking injunctive relief, including, but not limited to, a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

21.1. Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Trustees on an ongoing basis;

21.2. Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit to an audit, and failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Trustees on an ongoing basis); and

21.3. Enjoining Employer from employing employees covered under the Master Agreement and related Trust Agreement without properly reporting and remitting to Trustees the amounts owed to Trustees pursuant to those agreements.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF §515 OF ERISA)

22. Trustees hereby refer to, and incorporate herein by reference, paragraphs 1 through 21, inclusive of sub-paragraphs, above.

23. Section 515 of ERISA [29 U.S.C. § 1145], provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

24.    Employer is an "employer" as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is "obligated to make contributions to a multiemployer plan" within the meaning and use of § 515 of ERISA [29 U.S.C. § 1145].

25.    Trustees are informed and believe, and thereon allege, that Employer violated its statutory mandated obligation to timely pay fringe benefit contributions and other amounts to Trustees.  Trustees are informed and believe, and thereon allege, that there is due and payable from Employer the fringe benefit contributions and other amounts set forth in paragraphs 13 through 14, above.

26.    Employer failed to timely cure its violation, and has since continued to violate its statutory obligations.

27.    Pursuant to § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the Plan, the Court shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of § 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as amended [26 U.S.C. § 6621].  The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages, audit fees, and other expenses allowed by federal statute and owed by Employer to Trustees has not been ascertained at this time.  These amounts shall be established by proof at the time of trial.

28.    As part of Trustees' judgment, Trustees shall also request the relief set forth in paragraphs 20-21, inclusive of sub-paragraphs, above.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1.　For unpaid fringe benefit contributions totaling at least $16,781.97, plus liquidated damages and other amounts due in amounts proved at the time of trial;

2.　For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

3.　For audit costs incurred;

4.　For reasonable attorneys' fees;

5.　For costs of suit incurred herein;

6.　For such additional relief as this Court deems just and proper, including, but not limited to, the following:

6.1.　An Order directing Employer, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreement, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid sums due, whether in whole or in part, of the use of any unpaid amounts owed;

6.2.　An Order directing Employer, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Trustees, in an amount determined by the Court to be appropriate;

6.3.　An Order for the creation of a constructive trust in favor of Trustees on all applicable property of Employer, up to the full amount found due by Employer to Trustees, and an Order for the transfer of the applicable property to Trustees; and

6.4.　An Order directing Employer, its representatives, agents and associates, to pay to Trustees all amounts due Trustees, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

1623259

7.    For injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

7.1    Ordering Employer to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Trustees on an ongoing basis;

7.2    Enjoining Employer from continuing to violate its duties under ERISA (by failing to submit to an audit and failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Trustees on an ongoing basis); and

7.3    Enjoining Employer from employing employees covered under the Master Agreement and related Trust Agreement without properly reporting and making the required payments to Trustees.

DATED:  April 13, 2022                    LAQUER URBAN CLIFFORD & HODGE LLP


By:___/s/ Susan Graham Lovelace_____
        Susan Graham Lovelace, Esq.
        Attorneys for Plaintiff


## **WAIVER OF JURY TRIAL**

Plaintiff hereby waives a jury trial in this action.

DATED:  April 13, 2022                    LAQUER URBAN CLIFFORD & HODGE LLP


By:___/s/ Susan Graham Lovelace_____
        Susan Graham Lovelace, Esq.
        Attorneys for Plaintiff